UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINATTI DIVISION

| | |
|---|---|
| JACQUELINE WASHINGTON,<br><br>          Plaintiff,<br><br>v.<br><br>AMSHER COLLECTIONS SERVICES INC.,<br><br>          Defendant. | Case No. 1:23-cv-00707 |

## COMPLAINT

**NOW COMES** JACQUELINE WASHINGTON ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of AMSHER COLLECTIONS SERVICES INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), under Ohio Rev. Code. § 1345.01 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Southern District of Ohio, Defendant conducts business in the Southern District of Ohio, and

a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

**PARTIES**

4. Plaintiff is a natural person and consumer, over 18-years-of-age, who resides in Cincinnati, Ohio.

5. Defendant is a debt collection agency. Defendant engages in collecting or attempting to collect, directly or indirectly, defaulted debts owed or due using the mail, credit reporting, and telephone from consumers across the country, including consumers in the State of Ohio. Defendant is organized under the laws of the state of Alabama that maintains its principal place of business at 4524 Southlake Pkwy #15, Hoover, Alabama 35244.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this action, Plaintiff opened an account for personal internet services with Charter Communications doing business as Spectrum ("Spectrum").

8. In or around April 2022, Plaintiff was unsatisfied with Spectrum's services prompting Plaintiff to cancel her account with Spectrum.

9. Upon cancelation of Spectrum's services Plaintiff returned a modem, router and receiver to Spectrum ("equipment").

10. Upon information and belief, all financial obligations were resolved by Plaintiff after returning the equipment to Spectrum in April 2022.

11. Subsequently thereafter, Spectrum sent an alleged outstanding balance to Defendant for collection.

12. On or around August 2, 2023, Defendant began placing outgoing calls to Plaintiff's cellular telephone number ending in 9630.

13. Overwhelmed by Defendant's telephone calls on August 4, 2023, Plaintiff answered Defendant's incoming call.

14. During the call, Defendant attempted to collect an alleged outstanding balance for the amount of $447 ("subject debt").

15. Immediately, Plaintiff disputed the subject debt as she returned all the equipment and closed her Spectrum account with no outstanding balance.

16. Moreover, Plaintiff then requested that Defendant cease all calls to her telephone entirely.

17. Plaintiff's request fell on deaf ears, as Defendant continued its routine of harassing collection calls to Plaintiff's telephone, attempting to collect a debt not owed.

18. Specifically, Defendant has placed no less than twenty-nine (29) outbound calls to Plaintiff's telephone since disputing the subject debt and requesting Defendant's call cease entirely.

19. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt[s]" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

27. Defendant used telephone calls and collection letters to attempt to collect the alleged subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant violated 15 U.S.C. §1692c, d, d(5), e, e(2), e(10) and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

29. Pursuant to §1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . ." 15 U.S.C. §1692c(a)(1).

30. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to cease calls entirely in August 2023.

4

31. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone after she demanded that Defendant cease contacting her was harassing and abusive.

32. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the alleged subject debt.

33. In other words, since Plaintiff had advised Defendant that she did not wish to receive *any* calls, any time that Defendant contacted Plaintiff was an inconvenient time for Plaintiff to receive calls.

    **b.**     **Violations of FDCPA §1692d**

34. Pursuant to §1692d of the FCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

35. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

36. Defendant violated §§1692d and d(5) by causing Plaintiff's cellular phone to ring repeatedly in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff.

37. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

38. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that she no longer wished to be contacted on her cellular phone.

  c.  **Violations of FDCPA § 1692e**

  39. Pursuant to 15 U.S.C. §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of any debt.

  40. Defendant violated §1692e and e(2) when it falsely misrepresented the character, amount, or legal status of the alleged subject debt. Defendant falsely attempted to collect the alleged subject debt from Plaintiff despite Plaintiff not owing the subject debt.

  41. Defendant violated §1692 e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. In order to secure payments of the subject debt, Defendant falsely misrepresented Plaintiff's legal obligation to pay alleged subject debt despite Plaintiff not owning the alleged debt and having no legal obligation to pay.

  42. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect debt not owed.

  d.  **Violations of FDCPA § 1692f**

  43. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt from Plaintiff personally. The alleged debt was not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on alleged debt even though Plaintiff did not owe anything and was in good standing at the time of her cancellation with Spectrum.

  44. Defendant violated §1692f(1) because Plaintiff was not responsible for the alleged debt as it was paid in full. Plaintiff was confused as to why the Defendant would be collecting on a debt not owed.

6

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt not owed at the time it made demands for payment.

46. As pled above, Plaintiff was harmed by Defendant's conduct.

47. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff, JACQUELINE WASHINGTON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

c. Award Plaintiff statutory damages of $1,000.00 for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FDCPA violations, pursuant to 15 U.S.C. §1692k;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1692k; and

f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

50. Respondent is a "supplier" as defined by R.C. § 1345.01(C).

51. The OCSPA, which is set forth in R.C. §§ 1345.01–1345.99, prohibits suppliers from engaging in unfair, deceptive and unconscionable acts or practices in connection with consumer transactions.

52. Under R.C. § 1345.01(A), a "[c]onsumer transaction means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

53. R.C. § 1345.02 further provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

54. "The collection of debts associated with consumer transactions is within the purview of the OCSPA since it covers acts which occur before, during or after the transaction." Broadnax v. Greene Credit Serv., 118 Ohio App. 3d 881, 892, 694 N.E.2d 167, 174 (1997) (citations omitted). The Sixth Circuit has likewise held that the OCSPA applies to debt collectors, citing the Broadnax rationale. See Schroyer v. Frankel, 197 F.3d 1170, 1177 (6th Cir. 1999) (citations omitted).

55. Plaintiff's subject debt owed to Respondent is a debt associated with a consumer transaction.

56. Respondent's attempt to collect the subject debt falls under the OCSPA since it is act occurring after Plaintiff's underlying consumer transaction.

57. Respondent violated § 1345.02 by engaging in unfair and unconscionable conduct when it repeatedly contacted Plaintiff and refused to cease despite Plaintiff's demands.

58. Respondent violated § 1345.02 also by harassing Plaintiff with numerous collection calls even after she demanded that Respondent stop calling.

59. As pled above, Plaintiff has suffered actual damages as a result of Respondent's unlawful practices. As such, Plaintiff is entitled to relief pursuant to § 1345.09.

**WHEREFORE**, Plaintiff, JACQUELINE WASHINGTON, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 1345.09(A), in an amount to be determined at final hearing, for the underlying violations;

c. Awarding costs and reasonable attorney fees pursuant to § 1345.09(F)(2);

d. Enjoining Respondent from further contacting Plaintiff; and

e. Awarding any other relief as the Arbitrator deems just and appropriate.

**Plaintiff demands trial by jury.**


Dated: October 30, 2023                           Respectfully submitted,

*s/ Chad W. Eisenback*
Chad W. Eisenback, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.,
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
ceisenback@Sulaimanlaw.com